Finally, we'll hear Cessna Finance versus Al Geis Holding Company. Good morning, Your Honor. Good morning. The appellant is submitting. I understand Mr. Nolan is here or is watching, but he is submitting. So we'll hear from you, Mr. Cressona. Thank you, Your Honor, and good morning. It may please the court. My name is Richard Cressona. I represent the petitioner appellee now Cessna Ventures LLC after substituting for Cessna Finance Corporation. In light of the fact that the appellant is submitting, I will be very brief and then entertain any questions that the panel might have. The sole issue on this appeal is whether the court below Judge Cardiffy properly confirmed an arbitration award in Cessna's favor arising from certain guarantees that had been executed by the appellee Al Geis. Those guarantees, there were three each under UA law and under Kansas law, were breached when the underlying aircraft lease was breached itself and demand was made under the guarantees and the guarantor didn't pay. In the arbitration proceeding, the sole defense was that the arbitration agreements and the guarantees had not been properly executed under UAE law, under both its commercial code and under the governing documents for Al Geis. The panel carefully considered those arguments and rejected them in light of the fact that Al Geis' own subsequent conduct after execution of these agreements evidenced their own belief that the guarantees were in fact valid. Some of that evidence includes the fact that Al Geis advanced a $100,000 deposit for the aircraft, that they signed two letters of credit in the amount of $4 million plus in connection with the guarantees and leases of the aircraft and some of the conduct of Al Geis' own employees, one of whom reversed his position diametrically 180% degrees between the witness statement that he had put in and then when he took the stand. The panel ultimately ruled that despite the supposed requirements for formality for the execution of the documents, that the appellee Al Geis was bound to an obligation of good faith under section 246 of UAE law, it had not complied with that obligation of good faith. And similarly under Kansas law, under the three guarantees under Kansas law, there was apparent authority to execute those and therefore Al Geis was stopped from denying the validity of those guarantees and awarded in favor of Cessna in the order of $40 to $50 million. The only part that was contested by Al Geis below in the arbitration and below was the enforceability of the arbitration awards. The sole defense to confirmation below was manifest disregard of the law, which is of course still recognized in the Second Circuit but recognized universally by Al Geis, by Cessna and by this court as being an extremely difficult defense to sustain. And that should only be very rarely granted. I'll note that Al Geis cases cited in support of their appeal, none of them found manifest disregard. There is no manifest disregard here because the panel specifically considered the law that appellant cited and ruled that other law, the obligation of good faith and the apparent authority bestowed under Kansas law, effectively mooted or overruled the law on which Al Geis relied. And we believe that is completely correct and comes nowhere close to manifest disregard to the law. You simply cannot manifestly disregard law when you acknowledge it, specifically address it and distinguish it. And in fact, this court's decision in the ST microelectronics case that we cite in our brief suggests the very same thing with respect to a particular case law that was at issue there. And the court said that the arbitrators did not manifestly disregard the law, that case, as long as they could have distinguished it from the present case on the facts. And that's at page 79 in the case. So that's our view. It should absolutely. The confirmation should be affirmed. And if for some reason the court is disinclined to affirm confirmation, that must nevertheless deny Al Geis motion for vacature because the reasons we set forth in our brief that their petition to do so was untimely. I will conclude unless the panel has any questions for me. Thank you very much. The court will reserve decision. Thank you, Your Honors. As I noted earlier, the final case is on submission. Accordingly, I'll ask the deputy clerk to adjourn.